IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                                                          CRIMINAL NO. 2:12-00024

DONALD C. WHITTEN

UNITED STATES' MEMORANDUM OF LAW
IN ADVANCE OF PLEA HEARING

This memorandum reviews the application of 18 U.S.C. § 1001 to a false statement made to someone other than a federal agent. Although § 1001 is most often used to charge false statements made to federal agents or agencies, its scope is broader than that. It covers any materially false statement made in a matter within the jurisdiction of the executive, legislative, or judicial branch of the United States government. Whether the person hearing the false statement is a federal employee, state employee, or even private sector employee makes no difference.

Defendant made a false statement to an investigator employed by the West Virginia Secretary of State (WVSOS). The false statement was material to and made in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI) and the United States Attorney's Office for the Southern District of West Virginia (USAO), and thus fell within § 1001. Moreover, although § 1001 does not require knowledge of the facts concerning materiality or jurisdiction, defendant did know them here.

I.      Section 1001 Extends Beyond Statements Made to Federal Agents.

An offense under § 1001 has five elements: 1) a statement that, 2) was false, 3) was material, 4) was made knowingly and willfully, and 5) was made in a matter within the jurisdiction of any department or agency of the United States. United States v. Petullo, 709 F.2d 1178, 1180 (7th Cir. 1983) (citing United States v. Fitzgibbon, 619 F.2d 874, 879 (10th Cir. 1980); United States v. Smith, 523 F.2d 771, 779 n.15 (5th Cir. 1975), cert. denied, 429 U.S. 817, 50 L. Ed. 2d 76, 97 S. Ct. 59 (1976)). Notably, those elements include no requirement that the statement be made to a federal agent or agency.

Section 1001 is commonly used to charge false statements made to someone other than a federal agent. For example, United States v. King, 660 F.3d 1071 (9th Cir. 2011), involved a § 1001 charge for a false statement made to an Idaho Department of Agriculture investigator who was investigating the injection of wastewater into deep wells without a required state permit. Since causing such injections without a state permit was a crime under the federal Safe Drinking Water Act, the false statement was material to a matter within federal jurisdiction and thus fell within § 1001. King, 660 F.3d at 1082. In United States v. Oren, 893 F.2d 1057 (9th Cir. 1990), § 1001 was used against a defendant who made a false statement to a private entity called the Trust for Public Lands, attempting to induce the Trust to overpay for land and intending that the land eventually would be resold to the National Park Service. The statement to the Trust violated § 1001 because the Park Service could have been led to purchase the land, even though the Trust was private and the letter was never transmitted to the Park Service. Oren, 893 F.2d at 1064-65.

In United States v. Meuli, 8 F.3d 1481 (10th Cir. 1993), a defendant created and sent to private citizens several false IRS Form 1099s. Although the defendant did not make any false

statements directly to the IRS, his false statements to private citizens nonetheless violated § 1001 because they influenced the possibility that an IRS investigation of the false Form 1099s would ensue. Meuli, 8 F.3d at 1484-85. In United States v. Davis, 8 F.3d 923 (2d Cir. 1993), false statements made to Connecticut state officials at the Connecticut Community Corrections Center violated § 1001 because they concerned a federal prisoner who had been transferred to state custody under a contract between Connecticut and the United States Marshals Service. Davis, 8 F.3d at 929 (quoting United States v. Candella, 487 F.2d 1223, 1227 (2d Cir. 1973) ("A violation of § 1001 does not require that the false statement must actually have been submitted to a department or agency of the United States . . . ."), cert. denied, 415 U.S. 977, 39 L. Ed. 2d 872, 94 S. Ct. 1563 (1974)).

In United States v. Waters, 457 F.2d 805, 805 (3d Cir. 1972), § 1001 was used to prosecute a false statement made to the Urban League of Philadelphia, a private entity operating under contract with the federal Department of Labor. And in Ebeling v. United States, 248 F.2d 429 (8th Cir. 1957), cert. denied sub nom. Emerling v. United States, 355 U.S. 907, 78 S. Ct. 334, 2 L. Ed. 2d 261 (1957), § 1001 was used to prosecute a false statement made by a subcontractor to the prime contractor on a federal military contract. The prime contractor was a private entity, but the Court found § 1001 applicable because the false statements were material to a matter within federal jurisdiction. Ebeling, 248 F.2d at 434-35 ("[Section] 1001 does not require that a false statement or document must itself have been presented to a department or agency of the United States . . . .").

These decisions comport not only with the letter of § 1001 but also with Supreme Court precedent, which hold that § 1001's federal jurisdiction requirement should not be given a narrow

or technical meaning. United States v. Rodgers, 466 U.S. 475, 480 (1984); Bryson v. United States, 396 U.S. 64, 70-71 (1969).

## II. Defendant's False Statement Was Material To, and Made In, a Matter Within Federal Jurisdiction.

Defendant's false statement was made in a matter within the jurisdiction of the FBI and the USAO. The FBI and the USAO were investigating election fraud in possible violation of criminal provisions including 18 U.S.C. § 241 (conspiracy against rights), 42 U.S.C. § 1973i (crimes under Voting Rights Act), and 42 U.S.C. § 1973gg-10 (crimes under National Voter Registration Act of 1993). Federal law authorizes the FBI and the USAO to conduct such investigations. See 28 U.S.C. § 533(1) (FBI authorized to detect and prosecute crimes against the United States); 28 U.S.C. § 547 (United States Attorney empowered to prosecute all offenses against the United States). Materially false statements made within the scope of federal criminal investigations thus violate § 1001. United States v. Rodgers, 466 U.S. 475, 476 (1984).

The false statement charged here was made in a joint investigation being conducted by the FBI, the USAO, and the WVSOS, bringing it well within federal jurisdiction for purposes of § 1001. Moreover, although there is no requirement that a defendant be aware of the federal nexus in order to violate § 1001, see United States v. Yermian, 468 U.S. 63, 75 (1984), the defendant in this case knew, for several reasons, that the matter in which he made his false statement fell within federal jurisdiction. *First*, at the time he made the false statement to a WVSOS investigator, defendant had already had substantial contact with both federal and state officials in the joint investigation, including FBI agents and Assistant United States Attorneys. *Second*, as defendant has stipulated, the WVSOS investigator reminded him at the beginning of

their interview that the investigation focused on violations of federal election law. See Plea Agreement Exhibit B at 1. *Third*, defendant knew that the election being investigated involved a race for United States House of Representatives.

Because the investigation was being jointly conducted by federal and state agencies, defendant's false statement also satisfies the materiality element of § 1001. To be material, a false statement must have a natural tendency to influence, or be capable of influencing, the action of the federal agency in question. Kungys v. United States, 485 U.S. 759, 770, 108 S. Ct. 1537, 99 L. Ed. 2d 839 (1988). Defendant's false statement had the natural tendency to influence the action of the FBI and the USAO in the joint investigation those agencies were conducting with the WVSOS. Thus, as shown in the cases of statements to non-federal actors cited above, defendant's false statement was materially false under § 1001.

## CONCLUSION

Because defendant's false statement was material to a matter within the jurisdiction of the executive branch of the United States government, it violated § 1001 even though it was made to a state investigator and not to a federal agent.

                                                    Respectfully submitted,

                                                    R. BOOTH GOODWIN II
                                                    United States Attorney

By:

                                                    s/ Steven R. Ruby
                                                    STEVEN R. RUBY
                                                    WV Bar No. 10752
                                                    Assistant United States Attorney
                                                    P.O. Box 1713
                                                    Charleston, WV  25326
                                                    Phone: 304-345-2200
                                                    Fax: 304-347-5104
                                                    E-mail: steven.ruby@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "United States' Memorandum of Law In Advance of Plea Hearing" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on March 5, 2012 to:

>Tim C. Carrico, Esquire
>Carrico Law Offices
>1412 Kanawha Boulevard, East
>Charleston, WV  25301

>s/ Steven R. Ruby
>STEVEN R. RUBY
>WV Bar No. 10752
>Assistant United States Attorney
>P.O. Box 1713
>Charleston, WV  25326
>Phone: 304-345-2200
>Fax: 304-347-5104
>E-mail: steven.ruby@usdoj.gov